I»GONZALES, J.,
dissenting.
I respectfully dissent from the majority opinion. The premature filing of a medical malpractice suit does not serve to interrupt prescription, even if the plaintiff has alleged a solidary relationship between or among the defendants.
According to LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, the specific statutory provision providing for the suspension of prescription in the context of medical malpractice should be applied alone, not in combination with the more general codal article, La. C.C. art. 3462, that addresses interruption of prescription. I disagree with the Second Circuit’s attempt to distinguish LeBreton in Coleman v. Acromed Corporation, 32,590 (La.App. 2 Cir. 12/28/99), 764 So.2d 81, writ denied, 2000-0422 (La.3/31/00), 759 So.2d 73. Even though LeBreton only dealt with La. C.C. art. 3462 (prescription is interrupted by the commencement of an action in a court of competent jurisdiction), I believe the Supreme Court granted writs in the present case because they interpret Le-Breton to mean that none of the civil code articles on prescription, including La. C.C. art. 1799 (interruption of prescription against one solidary obligor is effective 1 aagainst all solidary obligors), are applicable to medical malpractice cases. The following language from LeBreton, 714 So.2d 1226, 1230-31 supports my position:
[I]t is evident that the Louisiana Medical Malpractice Act took cognizance of *673 the need to suspend prescription and fully protects plaintiffs who would otherwise suffer the detrimental effect of li-berative prescription. Because the Medical Malpractice Act prohibits the filing of a medical malpractice claim against a qualified health care provider prior to panel review, the act specifies that the filing of a request for review before a panel suspends prescription. La.R.S. 40:1299.47(A)(2)(a). Moreover, as provided by statute, the filing of the complaint prevents prescription from lapsing during the pendency of the review process and further suspends prescription from the time of filing until ninety-days following notification to the claimant or his attorney of the panel opinion. Id. After reviewing these special provisions, it is clear that the legislature has equitably provided for suspension to aid the plaintiff in the medical malpractice arena who is prevented by law from the outset from filing suit against the qualified health care provider. Simply applying the rules of suspension provided in the Medical Malpractice Act to the case before us, plaintiffs claim remained unaffected by prescription from August 19, 1992, through November 13, 1996, a period of fifty-one months. Thus, considering the doctrinal underpinnings for the existence of the rules of suspension, it is evident that there is no need for the general rules of interruption of prescription to combine with suspension to synergistically benefit the plaintiff.[7] (Emphasis added.)
In this case, plaintiffs filed suit within the one-year prescriptive period but without first presenting their claim to a medical review panel. This suit as to the medical malpractice defendants was dismissed as premature. Plaintiffs then filed a claim with the medical review panel; however, they filed their claim after the one-year period had run. The prematurely filed suit did not serve to interrupt prescription and plaintiffs’ claim filed with the medical review panel was not timely filed. Therefore, in my opinion, the trial court erred in overruling the exception of prescription filed by the State. The March 17, 2000 judgment should be reversed and this court should render judgment granting the State’s exception of prescription and dismissing plaintiffs’ claims.

7 As regards the non-qualified health care provider and cases not involving medical malpractice, La.Civ.Code art. 3462, the general provision, provides for interruption of prescription.